## Kane v. Borough of Collingdale

*Alexander A. DiSanti,* for plaintiff.
*Eric A. Weiss,* for defendants.

LABRUM, *J.,* December 20, 1982—This matter, a suit brought on a collective-bargaining agreement between plaintiff police officer and the Borough of Collingdale, was tried before a judge without a jury, a verdict being entered on behalf of plaintiff on May 3, 1982. Defendants filed exceptions to the verdict, said exceptions being dismissed by order of this court dated September 20, 1982. A timely appeal followed to the Commonwealth Court.

The Borough of Collingdale and its Police Officers through collective-bargaining reached agreement upon the terms and conditions governing the employment of its police officers for calendar years 1975 and 1976. That agreement contained two provisions relevant to the present dispute.

Paragraph 8 provided that:

"Beginning January 1, 1975, if an officer is permanently and totally disabled from performing police work for the Borough of Collingdale as the result of service connected disability, he shall receive, in addition to any other benefits due him, 60% of his salary at the time of this determination as a pension that shall continue until his death."

Paragraph 6 of the Agreement provided that upon retirement police officers should receive:

"an annual cost of living increase after retirement (whether for service or disability) provided, however, that such cost of living shall not exceed the per-

centage increase in the C. P. I. from the year in which the Police Officer last worked. Provided, further, that in no case shall the total police pension benefits exceed 75% of their salary for computing retirement benefits. . ."

When negotiations for a new agreement reached an impasse, the matter was referred to a Board of Arbitration. The arbitrators rendered an award, establishing the terms and conditions of employment for the Borough's Police Officers for calendar year 1977. Paragraph 9 of the Award provided that:

"The Police request for a change in disability benefits is granted in part and denied in part. The disability benefits shall be increased to 70% for service-connected disability. Non-service-connected disability shall remain as it was under the 1976 Contract."

Plaintiff, who had been employed as a Police Officer for the Borough of Collingdale, was determined to be totally and permanently disabled as a result of injury sustained in the performance of his duties as a police officer for the Borough of Collingdale and was placed on disability retirement as of March 1, 1980. As a result of the injuries having occurred in the course of his employment, the Plaintiff was receiving at that time and continues to receive workmen's compensation benefits in the sum of $796 per month. His rate of compensation as of March 1, 1980 was $1,555.16. Applying the language of Paragraph 9 of the Arbitration Award for 1977, plaintiff was entitled to a disability pension from the Police Pension Fund in the amount of $1,088.61 monthly, representing 70 percent of his compensation. The Trustees of the Police Pension Fund, however, determined that he would be paid from the Police Fund a disability pension of $292.61, on the basis that he was entitled to receive from the Pension

Fund only that amount of money which, when added to what he was receiving by way of workmen's compensation payments, would equal $1,088.61.

Contending that the determination of the Police Pension Board was incorrect, plaintiff filed the present action. This court entered a preliminary verdict on February 24, 1982 determining liability in favor of plaintiff and entered a final verdict in favor of plaintiff and against the Police Pension Fund and its Trustees in the sum of $19,900, together with $1,218.88 interest for a total of $21,118.88. The $19,900 sum represented the total of the $796 deficiency claimed by plaintiff over the period of 25 months between the date he was placed on disability retirement and the date of the final verdict.

The issue before the court was one of interpretation of the provision in Paragraph 8 of the Collective Bargaining Agreement for 1975-76 as modified by Paragraph 9 of the Arbitration Award for 1977. While Section 5 of the Police Pension Fund Act of May 29, 1956, P.L. (1955) 1804, 53, P.S. §771, as amended, provides in detail for the computation of retirement benefits for police officials retiring for superannuation, it contains no such provisions for determining the pension payment to a police officer retired for disability, simply providing that the amount and commencement of the payments should be fixed by regulations of the governing body.

The subject of disability pensions is thus left for resolution by the police officers and their public employers pursuant to the provision of Section 1 of the Act of June 24, 1968, P.L. 237, No. 111, 43 P.S. 217.1 which states:

Policemen . . . employed by a political subdivision of the Commonwealth . . . shall . . . have the right to bargain collectively with their public employers

concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits . . ."

In interpreting the aforesaid provisions, the court rejected defendant's contention that these provisions permit the Police Pension Fund to take a credit against any sums due pursuant to their terms for any workmen's compensation payments received by the disabled police officer.

Pension benefits payable under 53 P.S. § 771 are payable solely from the police pension fund by the trustees entrusted with its management, and they are specifically made not a charge on any other fund in the treasury of any borough, township or town. Recognizing this principle, the provision of the collective-bargaining agreement and of the arbitration award in this case obligating the Collingdale Police Pension Fund to pay a disability pension to a police officer retired for a permanent service-connected disability can not be properly read to contain an implied provision that the amount of this disability pension may be reduced by the Police Pension Fund Trustees by subtracting from the negotiated amount any sums received by the disabled police officer from the carrier providing workmen's compensation insurance for the borough.

Additionally, Paragraph 8 of the Collective Bargaining Agreement and the modification by Paragraph 9 of the Arbitration Award provides that a police officer retired for service-connected disability is entitled to and shall be paid from the Police Pension Fund a sum of money equal to 70 percent of his salary at the time of this determination "in addition to any other benefits due him." Workmen's Compensation Benefits would be one such additional payment due to a police officer who is rendered

disabled by virtue of a service-connected disability, and hence the plain meaning of this provision, entitling the officer to the 70 percent pension in addition to any other benefits due him, prevents the Pension Fund Trustees from reducing the negotiated pension benefits by the amount of any Workmen's Compensation Benefits received by the officer from the Workmen's Compensation Insurance carrier.

In comparing the collective-bargaining agreement for 1975-76 with the Arbitration Award for 1977, it is apparent that when the parties intended that the employer would be entitled to a credit against sums that would be otherwise payable by the employer, they specifically negotiated for such a provision and made it part of the governing document. Paragraph 7 of the Arbitration Award for 1977 specifically provides that the Police Pension Fund is entitled to a credit against the amount which would otherwise be payable to a police officer retiring for age and service for 30 percent of any Social Security Benefits received by such retired police officer. The total absence of any such provision for a credit for Workmen's Compensation Benefits in the case of a police officer retired for disability, by contrast, serves to indicate that no such credit was indicated in such a case as is presently before this court.

Defendants introduced a resolution passed by the Collingdale Borough Council on December 4, 1961 in an attempt to substantiate their position. The resolution in question, No. 147, dealt with partial disability and not total disability as was the issue in the present case, and therefore the resolution was inapplicable.

Defendants also introduced Ordinances No. 506 and No. 510 passed by the Borough Council. These ordinances would attempt to limit the benefits re-

ceived by police officers injured in the line of duty. The Collective Bargaining Agreement for 1975-76 provided for a disability pension in any case where the officer involved was permanently and totally disabled from performing police work for the Borough of Collingdale. By the terms of the aforesaid Ordinances, however, entitlement to a disability pension was to be determined according to Social Security Standards, which require that a person, in order to be considered entitled to a disability pension, must be incapable of any gainful employment.

Contrasting the provision in the collective-bargaining agreement for 1975-76 that the maximum amount of any disability pension should be 75 percent of the officer's salary, the ordinances substitute a maximum of 70 percent.

The collective-agreement provides that the disability pension be paid to a police officer retired for disability in addition to any other benefits to which he was entitled. The ordinances, however, provide that the total of Social Security benefits, Workmen's Compensation benefits, benefits payable pursuant to accident insurance and disability pension benefits should not exceed 70 percent of a police officer's salary, and further permit the Borough to take an offset against the amount of pension benefits payable to a police officer in the amount of any Workmen's Compensation benefits received by him. It is apparent that the ordinances attempt to circumvent the collective-bargaining agreement, and for that reason their application was rejected.

Defendants cited 53 P.S. § 771 for the proposition that in the case of disability pension benefits, the amount and commencement of payments should be fixed by regulations of the governing body of the Borough. This section of the statute provides a statement of authority of boroughs to adopt regula-

tions governing the amount of entitlement to disability pension benefits. The statement, however, does not provide a basis for unilateral action modifying the binding terms and conditions of employment for a borough's police officers as determined by a negotiated collective-bargaining agreement and arbitration award.

For the above reasons, the verdict was entered in favor of plaintiff and that award is affirmed.